781 So.2d 1194 (2001)
Donald Vincent ARCHAMBAULT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2489.
District Court of Appeal of Florida, Fifth District.
April 12, 2001.
Donald Vincent Archambault, Orlando, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, *1195 Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Donald Archambault appeals the order granting in part and denying in part his rule 3.800(a) motion. We vacate the order without prejudice.
In 1984, Archambault was sentenced on six counts to various terms of incarceration followed by community control and probation. After serving the incarcerative portions of his sentences, Archambault violated his probation and was resentenced on counts one through six.
On 26 June 2000, Archambault filed a rule 3.800(a) motion claiming that his sentences were illegal. He also sought additional credit for time served out of state. On 28 June 2000, Archambault filed a notice of appeal of the resentencing order. On 26 July 2000, the trial court issued an order on the rule 3.800(a) motion, correcting the sentences on counts two, four and five, and denying the claim for credit. Archambault then filed this appeal of the trial court's order on the rule 3.800(a) motion, arguing that the trial court erred in failing to grant all of the requested relief.
Florida Rule of Criminal Procedure 3.800(a) expressly states that a motion to correct an illegal sentence under rule 3.800(a) may not be filed during the time allowed for the filing of a rule 3.800(b) motion or during the pendency of an appeal. Archambault's rule 3.800(a) motion was filed during the time a rule 3.800(b) motion could have been filed and was pending when the direct appeal of the resentencing order was filed. Accordingly, we hold that the trial court's order must be vacated as the court lacked jurisdiction to rule on the motion.
ORDER VACATED WITHOUT PREJUDICE to allow Archambault to file a rule 3.800(a) motion once the direct appeal of the resentencing order is final.
PETERSON and SAWAYA, JJ., concur.